**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

CHERYL BALL,

                    Plaintiff,

v.                                         CIVIL ACTION NO.  5:10-cv-00955

CHRIS BAKER, et al,

                    Defendants.


**MEMORANDUM OPINION AND ORDER**

        The Court has reviewed the *Motion for Leave to Intervene to Assert Declaratory Judgment*

*Complaint* (Document 26).  Upon consideration of the motion, and for the reasons that follow, the

Court grants the motion.

*I.*

        Plaintiff, Cheryl Ball, as guardian and next friend of a minor, C.S., initiated the instant action

in the Circuit Court of Greenbrier County, West Virginia,  against various members of the county's

Sheriff's Department, including Deputy Sheriff Chris Baker, Sheriff Roger Sheppard, and Sheriff

James Childers.  (Notice of Removal, Ex. 1, Complaint (Document 1-1), ¶¶ 2-5.)  The action was

removed to this Court on July 26, 2010.  Plaintiff alleges that: Defendant Baker was hired as a

Deputy Sheriff before June 2009; that in or around June and July 2009, while on duty and in his full

police uniform, Defendant Baker entered into a conversation with C.S. in a parking lot and began

questioning C.S.; and that Defendant Baker had sex with C.S. on multiple occasions, in his police

cruiser while he was on duty and in uniform.  (*Id*. ¶¶ 13-15.)  Plaintiff further alleges that prior to

his employment as a Deputy Sheriff, Defendant Baker was employed by a convenience store. (*Id.* ¶ 10.)  Deputy Baker was allegedly terminated, and subsequently sued, for poking holes in a wall and using the holes to watch females use the restroom. (*Id.* ¶¶ 10-11.)  Plaintiff alleges that Defendants Sheppard and Baker are related, and that Defendant Sheppard knew of that lawsuit and the reason for Defendant Baker's termination before he hired Defendant Baker as a Deputy Sheriff. (*Id.* ¶¶ 9, 12.)  As a result, Plaintiff has asserted four causes of action: (1) negligent hiring, training and supervising of personnel, (2) common law assault and battery, (3) common law intentional or negligent infliction of emotional distress, and (4) violation of W. Va. Code § 61-8D-5 sexual abuse by a parent, guardian, custodian or person in a position of trust to a child. (*Id.* ¶¶ 16-26.)  Plaintiff seeks past, present, and future compensatory damages, punitive damages, attorney fees, expert fees, other costs and other damages allowable by law.

On October 17, 2011, the West Virginia Counties Group Self-Insurance Risk Pool, Inc., doing business as West Virginia County Risk Pool ("County Risk Pool"), moved to intervene for the purpose of seeking a declaratory judgment that it owes no duty to defend or indemnify Defendant Chris Baker with respect to the allegations in the Complaint. (Document 26.)  Intervenor County Risk Pool asserts that Defendant Baker has sought defense and indemnity for the allegations in the Complaint from the County Risk Pool and that the County Risk Pool has been providing such a defense under a reservation of rights pursuant to a Coverage Contract between the County Risk Pool and the Greenbrier County Commission.[1]  However, the Risk Pool challenges whether Plaintiff's asserted claims are covered by the Coverage Contract and whether it owes a duty to defend

---

[1] Attached to the motion is a Complaint for Declaratory Judgment and the Coverage Contract. (Document 26-1)

Defendant Baker.  The County Risk Pool asserts that the Coverage Contract specifically excludes coverage for "Expected or Intended Injury," "Fraud and Dishonesty," and "Punitive Damages," and that these exclusions are valid and enforceable under West Virginia law.[2]  County Risk Pool asks this Court to bifurcate the coverage issues involving Defendant Baker, stay any additional discovery against him until the coverage issues are decided, and decide any coverage issue first.

To date, no opposition to thet motion has been submitted. (*See* Supplement to Motion for Leave to Intervene to Assert Declaratory Judgment Complaint (Document 29)).

---

[2]  The Coverage Contract provides, in relevant part, that it does "not apply" to:

> "Expected or Intended Injury"
> **Personal Injury** or **Property Damage** expected or intended from the standpoint of a **Covered Person**.  This Exclusion shall also include any willful violation of a penal statute or ordinance committed by or with the knowledge or consent of the **Member** and any action or statement made by or at the direction of the **Member** with knowledge of the falsity thereof.
>
> This exclusion does not apply to **Bodily Injury** resulting from the use of reasonable force to protect persons or property or, with respect to the **Member's** law enforcement activities or the **Member's** departmentally approved law enforcement activities for others, to an act of the **Member** (unless determined to be a criminal act) within the arrest of incarceration process[.]
>
> "Fraud and Dishonesty"
> Brought about or contributed to be the fraudulent, dishonest, or criminal behavior of any **Covered Person**; however, notwithstanding the foregoing, the **Member** and a **Covered Person** shall be protected under the terms of the Contract as to any claims upon which suit is brought against them by reason of any alleged dishonesty on their part unless a judgment or other final adjudication thereof adverse to them shall establish that acts of active and deliberate dishonesty committed by them with actual dishonest purpose and intent were material to the cause of action so adjudicated[.]
>
> "Punitive Damages"
> Any amount which the **Member** may become obligated to pay for punitive damages or exemplary damages, fines, or statutory penalties, whether imposed by law or otherwise; this exclusion, however, shall not apply if the officer, official, employee or volunteer was acting in the official performance of the duties of their position and did so without willful neglect of duty or bad faith[.]

Coverage Contract, §§ II(H)(1)-(2), (11).

*II.*

Federal Rule of Civil Procedure 24, the Rule governing intervention, provides two procedural avenues for joining pending litigation. The first avenue is an intervention of right, whereby a court must permit intervention, upon timely motion, when the movant:

> claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed.R.Civ.P. 24(a)(2). "The 'interest' asserted by the applicant seeking to intervene must be 'significantly protectable,'" *Northwestern Nat. Life. Ins. Co. v. Zimbro*, 907 F.2d 1139 (4th Cir. 1990) (quoting *Donaldson v. United States*, 400 U.S. 517, 531 1971). The second avenue may be accomplished under 24(b), for permissive intervention. Here, a court has discretion to permit anyone to intervene, in relevant part, upon timely motion if the movant "has a claim or defense that shares with the main action a common question of law or fact." Fed.R.Civ.P.24(b)((1)(B). In exercising its discretion to permit a permissive intervention, the court must consider "whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed.R.Civ.P.24(b)(3). County Risk Pool contends that its intervention is appropriate regardless of which avenue it travels. To intervene as of right, County Risk Pool must demonstrate: timeliness, interest, impairment of interest and inadequate representation. Fed.R.Civ.P.24(a); *see Houston Gen. Ins. Co. v. Moore*, 193 F.3d 838, 839 (4th Cir. 1999) (citation omitted). The Court finds that County Risk Pool has undoubtedly demonstrated that it has an interest relating to the subject of this action. County Risk Pool has asserted that Defendant Baker has sought its defense and indemnity in the instant lawsuit, and that a contractual relationship exists between it and the

4

Greenbrier County Commission which excludes or excepts it from providing such coverage. County Risk Pool also asserts that it has been providing such a defense in this litigation subject to the reservation of rights in that agreement. County Risk Pool's interest in providing coverage, only for that which it contracted, is a protectable interest. Further, requiring County Risk Pool to continue to defend Defendant Baker would require County Risk Pool to spend time and resources in litigating this matter when its obligation to do so is in doubt. Additionally, without intervention, County Risk Pool may be tasked with paying damages, or later litigating whether it is liable to pay damages, for conduct allegedly caused by sexual misconduct, where it alleges that such conduct is excluded under its policy. County Risk Pool's interest in this case, to clarify its coverage as to Defendant Baker, based on the claims asserted in this litigation, is an interest that the present parties to this suit cannot adequately represent.

Finally, the Court has considered the posture of this case and the time in which County Risk Pool sought intervention. While it appears that County Risk Pool did not move to intervene until well over a year after this case was initiated, the record does not indicate that it acted with unusual delay. Moreover, the Court finds that discovery in this matter has been completed and that consideration of this coverage issue will not unduly delay or prejudice the existing parties. The Court also observes that no party has filed any objection to the instant motion. Therefore, for these reasons, the Court finds that County Risk Pool has demonstrated that intervention as a matter of right is warranted.

In light of this ruling, the Court need not consider whether permissive intervention is warranted.

*III.*

Based on the foregoing, the Court finds that intervention is appropriate as a matter of right, pursuant to Rule 24(a) of the Federal Rules of Civil Procedure. Therefore, the Court does hereby **ORDER** that the *Motion for Leave to Intervene to Assert Declaratory Judgment Complaint* (Document 26) be **GRANTED** and that the Clerk of Court **FILE** the Intervenor's Complaint for Declaratory Judgment. The Court will issue under separate order deadlines in which the parties are to present the coverage issue to this Court.

The Court **FURTHER ORDERS** that the deadlines established by the Scheduling Order (Document 9) be **SUSPENDED**, pending resolution of the coverage issue relating to Defendant Baker.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER:          February 7, 2012

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA